```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
```

WENDY TORRES RODRIGUEZ,
    Plaintiff

          **MEMORANDUM AND ORDER**

    - against -

I.C. SYSTEMS, INC.,           14-CV-06558(KAM)(JO)

    Defendant.

```
--------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiff Wendy Torres Rodriguez ("plaintiff" or "Ms. Rodriguez") brings this action pursuant to 15 U.S.C. § 1692f(8) of the Fair Debt Collection Practices Act ("FDCPA"). Presently before the court is defendant I.C. Systems, Inc.'s ("defendant" or "ICS") Motion for Summary Judgment (the "Motion"). For the reasons stated herein the Motion is granted.

## Background

        For the purpose of defendant's motion, the court considers the following undisputed facts.[1] ICS sent a letter,

---

[1] These facts are taken from defendant's Local Rule 56.1 Statement of Material Facts ("56.1 Statement") submitted with this motion and other documents in the record. (ECF No. 19-10 and the record generally). Plaintiff did not file a counter 56.1 statement pursuant to Local Civil Rule 56.1(b) in opposing defendant's motion for summary judgment. Pursuant to Rule 56.1, the "papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph" in defendant's 56.1 statement with citation to admissible evidence. LOCAL CIVIL RULE 56.1 OF THE UNITED STATES DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK. Upon review of defendant's 56.1 Statement, the court finds that defendant's statement of undisputed material facts is adequately supported by admissible evidence, including, the sworn statement of Ryan Bacon, Vice President of Operations of I.C. Systems, a true and correct copy of the Letter, plaintiff's verified interrogatory responses and other documents in the record. (ECF Nos. 19-8 and

dated January 4, 2014, (the "Letter") to plaintiff seeking to collect on a debt that was assigned to it by Con Edison, plaintiff's original creditor. (Local Rule 56.1 Statement of Material Facts ("56.1 Statement"), ECF No. 19-10 at ¶¶ 3-4). The Letter contains an I.C. System Reference Number ("64140020-1-19" or the "ICS Reference Number"), which is a unique internal reference number ICS assigns to each account it receives from a creditor. (*Id.* at ¶¶ 5-6, 8). The number does not have any significance to anyone outside of ICS. (*Id.* at ¶ 7). Located above plaintiff's name and address on the Letter is a string of numbers, 64140020-1-19/0510 which includes the ICS Reference Number. (*Id.* at ¶ 10). The ICS Reference Number has no relation to any of plaintiff's personal identifying information. (*Id.* at ¶ 11). Plaintiff alleges that the ICS Reference Number, her name and address were visible through the glassine window of the envelope (the "Envelope") when she received the Letter. (ECF No. 1, Complaint ("Compl.") at ¶ 25).

---

19-12). Consequently, absent any contrary evidence the court deems admitted the facts set forth in defendant's 56.1 Statement. *See Nolen v. Goord*, 218 F. App'x 41, 43 (2d Cir. 2007) (noting that plaintiff did not file a responding statement of disputed material facts pursuant to Local Rule 56.1 and thus defendants' denials "may be deemed admitted"); *Glassman-Blanco v. Delta Airlines*, Inc., No. 13CV4287KAMSMG, 2016 WL 1171611, at *1 (E.D.N.Y. Mar. 25, 2016) (deeming admitted facts set forth in defendant's 56.1 statement when plaintiff did not file a responding statement of disputed material facts pursuant to the local rules).

On November 6, 2014 plaintiff filed the Complaint. (ECF No. 1). Defendant filed its answer on February 9, 2015, and served interrogatories and document requests on May 21, 2015, but plaintiff failed to respond timely. (Montoya Declaration ("Montoya Decl."), ECF No. 19-2 at ¶¶ 4-6). Plaintiff served her unverified interrogatory responses that attached a copy of the Letter on July 17, 2015, and provided a verification for her interrogatory responses on August 18, 2015. (Montoya Decl., ECF No. 19-8 at ¶¶ 8, 10; Ex. F to Montoya Decl., ECF No. 19-8 at 11). Plaintiff, however, did not appear for her noticed deposition nor did she respond to defendant's document demands which sought, among other things, a full and complete copy of the Letter and a copy of the Envelope in which the Letter arrived. (Montoya Decl., ECF No. 19-2 at ¶ 6; Ex. C to Montoya Decl., ECF No. 19-5 at ¶¶ 9-18). Defendant also requested that plaintiff produce the original Letter and the original Envelope, but plaintiff did not do so. (56.1 Statement, ECF No. 19-10 at ¶ 21). The parties filed a joint status report to the court on September 2, 2015, in which plaintiff's counsel confirmed that the Envelope was no longer available. (Ex. G to Montoya Decl., Status Update dated September 2, 2015, ECF No. 19-9).

On November 16, 2015, the parties submitted the present motion. (ECF Nos. 18 to 20). Defendant argues that it is entitled

to summary judgment because (1) plaintiff's claim fails as a matter of law because without the original Envelope, plaintiff cannot establish what, if any, identifying information was visible and (2) even if the ICS Reference Number was visible, the ICS Reference Number does not reveal any identifying information about plaintiff and therefore it falls within the benign language exception to § 1692f(8) of the FDCPA that has been recognized and applied in the Second Circuit. (ECF No. 19-11 at 5-6).

## **Standard of Review**

A court may grant summary judgment if the moving party establishes that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine dispute as to any material fact "exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor." *Zirogiannis v. Nat'l Recovery Agency, Inc.*, No. CV 14-3954, 2015 WL 8665448, at *3 (E.D.N.Y. Dec. 11, 2015) (citing *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996)). "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 CIV. 2767 LAP,

2015 WL 5333513, at *2 (S.D.N.Y. Sept. 14, 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. CocaCola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (quoting Celotex, 477 U.S. at 325).

After the initial burden is met, the non-movant must present "specific facts showing that there is a genuine issue for trial." *Hooks*, 2015 WL 5333513, at *3 (citing *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002)). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir.1996) (citation omitted). "[C]onclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citations omitted).

### **Discussion**

The court finds that plaintiff cannot prove her case because she cannot produce the Envelope giving rise to her claims. *PepsiCo*, 315 F.3d at 105. Even construing all evidence in favor of the non-moving plaintiff, and assuming the ICS Reference Number

5

was visible through the Envelope, the court finds that the exposure of the ICS Reference Number, a string of random digits, does not violate § 1692f(8) of the FDCPA. Accordingly, defendant's summary judgment motion is granted.

In her opposition to defendant's motion, plaintiff submits no evidence or counter 56.1 statement, but instead argues that defendant violated § 1692f(8) of the FDCPA, because the ICS Reference Number, which plaintiff calls an "account number," was visible when she received the Letter in the mail. (Plaintiff's Memorandum in Opposition to Defendant's Motion ("Opp. Br.), ECF No. 18 at 3). Section 1692f(8) prohibits debt collectors from:

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8).[2] In construing the statue, courts have relied on Congress' expressed intent and guidance from the Federal Trade Commission[3] and have concluded that "a literal application

---

[2] "Reviewing courts look at FDCPA claims using the 'least sophisticated consumer' standard of review, that is, the test is how the least sophisticated consumer— one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Robinson v. Mun. Servs. Bureau*, No. 15CV04832JGRML, 2015 WL 7568644, at *2 (E.D.N.Y. Nov. 24, 2015) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)).

[3] The Federal Trade Commission has stated that "[a] debt collector does not violate this section by using an envelope with words or notations that do not

of the statute would [] prohibit the inclusion of the recipient's name, her address, or preprinted postage, which would . . . yield the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether." *Gardner v. Credit Mgmt. LP*, 140 F. Supp. 3d 317, 320 (S.D.N.Y. 2015). Thus, courts have recognized a "benign exception" to § 1692f(8) of the FDCPA which allows bill collectors to include language and symbols on their mailings, including internal reference numbers, as long as the language and symbols are not indicative of the party's status as a debtor and do not reveal other private information about the party. *See Perez* 2015 WL 4557064, at *3 (recognizing a benign exception to § 1692f(8) of the FDCPA); *Gardner*, 140 F. Supp. 3d at 321; *Robinson v. Mun. Servs. Bureau*, No. 15 CV 4832, 2015 WL 7568644, at *3 (E.D.N.Y. Nov. 24, 2015)(same); *Gelinas v. Retrieval-Masters Creditors Bureau, Inc.*, No. 15 CV 116, 2015 WL 4639949, at *3 (W.D.N.Y. July 22, 2015) (same); *Chavez v. MCS Claim Services, Inc.*, No. 15-CV-3160(JMA)(AKT), 2016 WL 1171586 at *2 (E.D.N.Y. March 23, 2016) (same).

Here, plaintiff argues, without proffering any evidence, that the ICS Reference Number was visible and therefore the FDCPA

---

suggest the purpose of the communication." *Perez*, 2015 WL 4557064, at *2. (citing 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988)).

was violated because the ICS Reference Number, "is a core piece of information pertaining to plaintiff's status as a debtor" and public disclosure of the ICS Reference Number would expose plaintiff's "financial predicament."[4] (Opp. Br., ECF No. 18 at 3). Numerous courts however, have "reject[ed] the contention that the mere presence of a reference number—a string of random digits— creates an actionable violation under the FDCPA." *Robinson*, 2015 WL 7568644, at *3; *see also Gardner*, 140 F. Supp. 3d at 324 ("A string of alphanumeric characters does not disclose anything about [plaintiff's] private affairs."); *Perez*, 2015 WL 4557064, at *4 (holding that "plaintiff's account number—a string of eight meaningless digits—falls comfortably within the 'benign language' exception to § 1692f(8)"); *Gelinas*, 2015 WL 4639949, at *4 ("[I]t cannot be said that the visibility of a series of letters and numbers above the recipient's name is capable of identifying that person as a debtor. The series of numbers and letters is

---

[4] Plaintiff relies on the Third Circuit decision, *Douglass*, which found that an account number printed on an envelope sent by a debt collector is "a core piece of information pertaining to the debtor's status as a debtor and Defendant's debt collection effort. Disclosed to the public, it could be used to expose [the debtor's] financial predicament." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). This court is not bound by the *Douglass* ruling and declines, like other courts in the Second Circuit and elsewhere, to follow it. *See Robinson*, 2015 WL 7568644, at *4 n.3 (agreeing with the *Perez* court that the *Douglass* ruling "is unsupported by any analysis as to how the printing of random symbols, meaningful only to those at the organization who issued those symbols and who already know the consumer is in debt, can be used to expose a consumer's status as a debtor"); *Gardner*, 140 F. Supp. 3d at 322-23 (declining to follow *Douglass*, disagreeing with its analysis and finding that the internal ICS Reference number did not indicate plaintiff's debtor status and therefore its disclosure was not a FDCPA violation).

indecipherable to anyone, sophisticated or not, and its significance only becomes apparent when the letter is opened."); *Whyte v. Commonwealth Fin. Sys.,* No. 14 CV 7029 (FB)(RML), 2016 WL 3556770, at *2 (E.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, No. 14CV07029FBRML, 2016 WL 3545701 (E.D.N.Y. June 24, 2016) ("[I]nclusion of plaintiff's account number on the outside of the mailing is not a violation of the FDCPA."); *Chavez v. MCS Claim Services, Inc.*, No. 15-CV-3160(JMA)(AKT), 2016 WL 1171586, at *2 (E.D.N.Y. March 23, 2016)(holding that defendant's disclosure of plaintiff's account number through the glassine window of the envelope was not a violation of the FDCPA because plaintiff failed to allege that the account number contained any specific identifying information or that the account number looked different from other junk mail).[5]

Similarly here, the ICS Reference Number does not contain any specific information indicating that plaintiff is a

---

[5] Courts in other jurisdictions have found that § 1692f(8) does not bar meaningless markings on the outside of an envelope. *See e.g. Gonzalez v. FMS, Inc.*, No. 14 Civ. 9424(RC), 2015 WL 4100292, at *4–5 (N.D. Ill. July 6, 2015); *Goswami v. Am. Collections Enterprise, Inc.*, 377 F.3d 488, 494 (5th Cir. 2004) (collecting cases); *Marx v. General Revenue Corp.,* 668 F.3d 1174, 1177 (10th Cir. 2011) (holding that an internal account number on a facsimile sent by a debt collector to a debtor's employer did not violate the FDCPA); *Brooks v. Niagara Credit Solutions, Inc.*, No. 15-9245-JWL, 2015 WL 6828142 at *6 (D. Kan. Nov. 6, 2015) ("An internal account number, without more, simply cannot suggest to an observer that the envelope contains debt collection correspondence."); *Datta v. Asset Recovery Sols., LLC*, No. 15-CV-00188-LHK, 2016 WL 3163142, at *9 (N.D. Cal. June 7, 2016) (holding that reference number was benign language and did not constitute a violation of the FDCPA).

debtor.  The ICS Reference Number is meaningless to anyone outside of ICS, including the least sophisticated consumer, and plaintiff has not shown that the ICS Reference Number is any different from the identifiers used on junk mail.  *See Robinson*, 2015 WL 7568644, at *3 (holding that a visible reference number was not a FDCPA violation and noting that plaintiff had not alleged that the reference number looked different from similar identifiers that appeared on junk mail communications that Americans received every day).  Accordingly, the court finds as a matter of law that the FDCPA was not violated even if the ICS Reference Number was displayed on the Envelope.  Therefore, defendant's motion for summary judgment is granted.

Defendant's requests for attorneys' fees is denied, although plaintiff's failure to retain the Envelope, a material piece of evidence giving rise to her claim, presents a close case. *See Perez*, 2015 WL 4557064, at *5 (ordering each party to bear their own costs after finding that the account number being visible through the envelope did not amount to an FDCPA violation and dismissing the complaint).  Plaintiff's counsel is advised that he should not commence actions if he lacks evidence to prove his clients' claim.

## Conclusion

A series of digits does not reveal any private information about plaintiff; specifically, a series of digits does not reveal plaintiff's financial condition or her status as a debtor. The court agrees with other courts within the Second Circuit that have found no § 1692f(8) FDCPA violation where a series of alphanumeric characters, which includes an internal reference number, is visible on or through an envelope. For the foregoing reasons, defendant's motion for summary judgment is **GRANTED**. Each party shall bear its own fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3). The Clerk of Court is respectfully directed to enter judgment for defendant and close the case.

**SO ORDERED.**

Dated:   September 28, 2016
         Brooklyn, New York

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge